JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **5:26-cv-00892 -JGB (ACCV)** | Date | June 10, 2026 |
|---|---|---|---|
| Title | ***Sandra Garcia v. TransForce, Inc., et al.*** | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order (1) GRANTING Plaintiff's Motion for Remand (Dkt. No. 18); (2) REMANDING Case to San Bernardino Superior Court; and (3) VACATING the June 15, 2026, Hearing (IN CHAMBERS)**

Before the Court is a motion for remand filed by plaintiff Sandra Garcia. ("Motion," Dkt. No. 18.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court **GRANTS** the Motion. The Court **VACATES** the hearing set for June 15, 2026.

## I.    BACKGROUND

On December 17, 2025, plaintiff Sandra Garcia ("Plaintiff") filed a class action complaint in the Superior Court of California for the County of San Bernardino against defendant Transforce, Inc., a Delaware corporation ("Defendant"); and Does 1 through 100. ("Complaint," Dkt. No. 1-2.) The Complaint alleges ten causes of action: (1) unpaid overtime in violation of California Labor Code ("CLC") §§ 510, 1198; (2) unpaid meal period premiums in violation of CLC §§ 226.7, 512(a); (3) unpaid rest period premiums in violation of CLC § 226.7; (4) unpaid minimum wages in violation of CLC §§ 1194, 1197, 1197.1; (5) final wages not timely paid in violation of CLC §§ 201, 202; (6) wages not timely paid during employment in violation of CLC § 204; (7) non-compliant wage statements in violation of CLC § 226(a); (8) failure to keep requisite payroll records in violation of CLC § 1174(d); (9) unreimbursed business expenses in violation of CLC §§ 2800, 2802; and (10) violation of California Business & Professions Code §§ 17200 et seq. (See id.)

On February 20, 2026, Defendant removed the action to federal court.  ("Notice of Removal," Dkt. No. 1.)  On May 13, 2026, Plaintiff filed the instant Motion.  (Mot.)  Defendant opposed the Motion on May 22, 2026.  ("Opposition," Dkt. No. 19.)  Plaintiff replied in support of the Motion on June 1, 2026.  ("Reply," Dkt. No. 20.)

## II.    LEGAL STANDARD

"CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interests and costs."  Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1195 (9th Cir. 2015).  "In determining the amount in controversy, courts first look to the complaint.  Generally, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."  Id. at 1197 (quotations omitted).  "Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged."  Id.

Where a plaintiff makes a factual attack in the context of CAFA jurisdictional requirements, defendants are required to support their jurisdictional allegations with proof typically considered at summary judgment.  A factual attack "contests the truth of the . . . allegations" themselves.  Id. (citation omitted).  "When a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds the $5 million jurisdictional threshold."  Id. (quoting Ibarra, 775 F.3d at 1197).  A factual attack "need only challenge the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence."  Harris v. KM Indus., Inc., 980 F.3d 694, 700 (9th Cir. 2020) (citing Ibarra, 775 F.3 at 1199) (finding that it is sufficient to "contest[ an] assumption" without "assert[ing] an alternative [assumption] grounded in real evidence").

A defendant is required to file a notice of removal that includes only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 88 (2014).  But if a plaintiff contests these allegations, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  Id.  The preponderance of the evidence standard requires that "the defendant must provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount."  Sanchez v. Monumental Life. Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996) (internal quotations omitted).  The parties "may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of the removal."  Ibarra, 775 F.3d at 1197 (internal quotations and citation omitted).  "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions."  Id.

---

"CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." Id. at 1198. "As with other important areas of our law, evidence may be direct or circumstantial. In either event, a damages assessment may require a chain of reasoning that includes assumptions. When that is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." Id. at 1199. "Under the preponderance of the evidence standard, if the evidence submitted by both sides is balanced, in equipoise, the scales tip against federal-court jurisdiction." Id.

### III.   DISCUSSION

The Parties do not dispute the number of class members or minimal diversity requirement. The only issue before the court is whether Defendant has properly established the required amount-in-controversy. (Opposition. at 5-6). Plaintiff raises three main arguments in favor of remand: (1) that Defendant fails to meet its evidentiary burden, (2) Defendant's calculations of violation rates are speculative, and (3) attorneys' fees are unwarranted. (Mot. at 5-14.)

### A.  Amount In Controversy

Defendant based its removal on only four of the ten claims alleged in Plaintiff's Complaint. Defendant argues that "had Defendant included all allegations, the amount in controversy would be significantly higher." (Opp. at 12.) However, as the party bearing the burden of establishing federal jurisdiction, Defendant elected to address only those four claims in its Opposition to the instant Motion. Accordingly, the Court will limit its analysis to the facts and arguments presented within the four corners of the Motion, Opposition, and Reply.

Defendant's calculation of wage-statement penalties is inconsistent with the fixed penalty structure set forth in California Labor Code § 226(e)(1). Defendant calculates a total of $1,482,500 in wage-statement penalties for a class of 350 former and current employees. (Notice of Removal at 13.) The statute provides for recovery of "fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)." Cal. Lab. Code § 226(e)(1). Defendant first multiplies the 350 employees by the $50 penalty for a first-time violation, which results in a product of $17,500. (Notice of Removal at 13.) Because those 350 employees worked at least 15,000 pay periods during the relevant one-year limitations period, Plaintiff multiples the $100 penalty for subsequent violations by the remaining 14,650 pay periods, which results in a product of $1,465,000. (Id.) Adding the two products together results in the sum of $1,482,500. (Id.) However, Defendant's calculation method is contrary to the plain language of the statute, which places a limit on the aggregate penalty at $4,000. Cal. Lab. Code § 226(e)(1).

As Plaintiff correctly notes, "the most Defendant can place in controversy for wage-statement penalties is "350 × $4,000," totaling $1,400,000. (Mot. at 12.) Defendant's total of

$1,482,500 results in an average penalty of $4,236 across the 350 workers, which exceeds the $4,000 limit by $236 per employee.  Defendant's calculation overstates the wage statement penalty by $82,500.  (Id.)  Defendant failed to address this miscalculation in its Opposition, and thus, Plaintiff's argument is unopposed.  Applying the penalty limit of $4,000 drops the amount in controversy to $4,939,375.  (Id. at 13.)  This new total falls below the $5,000,000 threshold thereby warranting remand on this fact alone.

Furthermore, because the wage statement penalties were miscalculated, Defendant's calculation of attorneys' fees must also be adjusted.  Subtracting the $82,500 in inflated wage penalties from the Plaintiff's original subtotal of $4,017,500 for the alleged Labor Code violations results in a new subtotal of $3,935,000 without consideration of attorneys' fees.  (Notice of Remand at 14.)  Assuming that Defendant's 25% attorneys' fee rate is reasonable, the corresponding attorneys' fee amount with the corrected base amount becomes $983,750 ($3,935,000 × 0.25).  (Reply. at 4.)  Accordingly, the correct total amount in controversy is $4,918,750, which fails to meet the $5 million the amount-in-controversy requirement for CAFA. (Id.)

Because the amount in controversy falls short of the jurisdictional threshold based solely on the corrected wage-statement penalty and attorneys' fee calculations, the Court need not address the reasonableness of Defendant's remaining assumptions, rates, or calculations.  The Court **GRANTS** the Motion.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion.  The Court **REMANDS** the action to the Superior Court of California, County of San Bernardino and **DIRECTS** the Clerk to close the case.  The June 15, 2026, hearing is **VACATED**.

**IT IS SO ORDERED.**